Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of parts of photographic lenses which are entitled to the reduced rate of duty, the claim of the plaintiff was sustained.

**No. 61288.**—Ira Furman Co., a/c Azrak-Hamway, Inc. *v*. United States, protest 299262–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of table lighters similar in all material respects to those the subject of Abstract 59275, the claim of the plaintiff was sustained.

**No. 61289.**—Givaudan Delawanna, Inc. *v*. United States, protest 305291–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of Satol, which product is not obtained from any oil, fat, or fatty acids described in the Internal Revenue Code, but is derived from olive oil, which is not covered by the statute, the claim of the plaintiff was sustained.

**No. 61290.**—M. Kopit Co. *v*. United States, protests 118612–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of platinum or white-marked fox skins similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388) or *Sam Forwand Co.* v. *United States* (37 Cust. Ct. 232, C. D. 1829). the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 23, 1957

**No. 61291.**—Plus Computing Machines, Inc. *v*. United States, protests 215282–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of key-driven calculating machines the same in all material respects as those the subject of *Plus Computing Machines, Inc.* v. *United States* (44 C. C. P. A. 160, C. A. D. 655), the claim of the plaintiff was sustained.

**No. 61292.**—Plus Computing Machines, Inc. *v.* United States, protests 271184–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of key-driven calculating machines the same in all material respects as those the subject of *Plus Computing Machines, Inc.* v. *United States* (44 C. C. P. A. 160, C. A. D. 655), the claim of the plaintiff was sustained.

**No. 61293.**—Trans Atlantic Co. *v.* United States, protest 235721–K (Charleston).

Opinion by LAWRENCE, J.   It is stipulated that the merchandise consists of butt hinges, imported with wood screws of steel, the hinges measuring 3 inches by 3 inches or 3½ inches by 3½ inches, being packed 2 hinges and 12 screws to a box (12 screws for each pair of hinges), and the hinges, size 4 inches by 4 inches, being packed 2 hinges and 16 screws to a box (16 screws for each pair of hinges), of the same kind in all material respects as the merchandise the subject of *Trans Atlantic Company* v. *United States* (35 Cust. Ct. 1, C. D. 1712).   Upon the agreed statement of facts and following the cited authority, the claim of the plaintiff was sustained, the value of the screws being held as follows, as stipulated by counsel:

| Hinge type | Value of screws U. S. dollars per 1,000 |
|---|---|
| 3 x 3″ | $1.21 |
| 3½ x 3½″ | 1.48 |
| 4 x 4″ | 1.64 |

which values were included in the value of the screws and hinges, as invoiced and appraised.

BEFORE THE THIRD DIVISION, OCTOBER 23, 1957

**No. 61294.**—Bloomingdale Bros., a Div. of Fed. Dept. Stores, Inc., et al. *v.* United States, protests 293006–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed